therefore the nature and character of the instrument which evidenced the transaction was of no importance to a conviction.

The decree of the Superior Court allowing the claim of appellee against the Illinois Surety Company for $25,000, and ordering its payment in due course of administration, is hereby reversed with directions to the Superior Court to disallow the claim.

*Decree reversed with directions.*

MR. JUSTICE DEVER dissents.

————

## The People of the State of Illinois, Defendant in Error, v. John M. Tananevicz, Plaintiff in Error.

### Gen. No. 23,556. (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918. Rehearing denied March 18, 1918.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against John M. Tananevicz, defendant, for receiving as a banker, while knowingly insolvent, a deposit in contravention of Rev. St. ch. 38, sec. 25a (J. & A. ¶ 3517). From a judgment of conviction, defendant brings error.

The jury rendered a verdict of guilty and fixed the punishment at imprisonment in the penitentiary for three years and a fine of $280. On this verdict the court sentenced defendant to the payment of the fine of $280 and to confinement in the penitentiary for a term of from one to three years.

SMITH & PETERSON, for plaintiff in error.

MACLAY HOYNE and EDWIN J. RABER, for defendant in error; EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW—*what reviewed when bill of exceptions stricken from files.* Where the bill of exceptions is stricken from the files in a criminal case, there is left for review only such parts of the common-law record as are assigned and argued as error.

2. CRIMINAL LAW, § 333*—*when words in verdict fixing punishment deemed to be surplusage.* Even though a jury in a prosecution for a felony has no power to fix the punishment in a verdict finding him guilty, under the Act of July 1, 1917, relating to paroles, section 3, providing that the jury in felony cases or in cases where the crime is punishable by imprisonment in the penitentiary or jail in its verdict shall not fix the limit of duration of confinement, yet all matter following the finding of guilty in a verdict finding defendant guilty and fixing the term of imprisonment and imposing a fine may be regarded as surplusage where the verdict is complete upon disregarding the words fixing the punishment, and the court may impose the proper sentence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.